# Motter, Appellant, *v.* Kennett Township Electric Company.

*Corporations—Light companies—Gas companies—Light, heat and power companies—Consolidation and merger—Act of May 29, 1901, P. L. 349.*

Under the Act of May 29, 1901, P. L. 349, three companies chartered to supply the same territory, one, with gas for light only, the second, with gas for all purposes for which it may be used other than for light, and the third, with light, heat and power by means of electricity, may be legally merged and consolidated.

Argued May 23, 1905. Appeal, No. 9, May T., 1905, by plaintiff, from decree of C. P. Dauphin Co., Equity Docket 1905, No. 347, dismissing bill in equity in case of S. L. Motter v. Kennett Township Electric Company et al. Before MITCH-ELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for an injunction.

The bill stated that the defendants are three corporations created under the act of April 29, 1874, and the supplements thereto, and that by virtue of letters patent granted to them, the Kennett Gas Light Company is authorized to manufacture and supply to the public, gas for light only in a certain locality; the Kennett Gas Fuel & Heating Company is authorized to manufacture and supply to the public, in the same locality, gas for all purposes for which gas can be used other than for light; and that the Kennett Township Electric Company is authorized to supply light, heat and power by means of electricity, to the public in the same territory as the other two companies.

That the appellees, proceeding in due form of law, entered into an agreement for the merger and consolidation of the three corporations into a new single corporation to be called the Kennett Township Gas & Electric Company, whereupon the plaintiff filed his bill praying that the three corporations, appellees, their respective presidents, secretaries and directors, be restrained from filing, or presenting for filing, or for record, the said agreement, or a copy thereof, in the office of the secre-

tary of the commonwealth, or from accepting letters patent from the commonwealth purporting to erect and create a new corporation, having the rights, privileges and franchises now belonging to the said three companies, or from doing any other acts or things, having for their purpose the consummation of the terms and the accomplishment of the objects of said agreement or merger and consolidation.

The demurrer of the defendants to the whole bill, admitted the truth of all the facts therein contained, but alleged that they are not sufficient to support the plaintiff's action, averring that the defendants are authorized and empowered by law to merge and consolidate, and form a single corporation by the name of Kennett Township Gas & Electric Company, possessing all the property, rights, privileges and franchises theretofore belonging to each of the said three corporations, appellees.

WEISS, P. J., after stating the case filed the following opinion :

Among the matters set forth in the bill is the fact that by the terms of the agreement entered into by and between the three defendant corporations, it is provided, among other things, that " the stockholders of the Kennett Township Electric Company shall receive capital stock of the new corporation to the amount of ten thousand ($10,000) dollars at par, consisting of one hundred (100) shares, which stock shall be divided among the stockholders pro rata in proportion to their respective holdings of stock in the Kennett Township Electric Company."

It is also a fact that the plaintiff is the holder and owner of forty shares of the capital stock of the Kennett Township Electric Company, and that at the meetings held by the stockholders of that company to vote upon the question of the adoption or rejection of the agreement entered into by the directors of each of the three corporations, he voted in favor of the rejection and against the adoption of the agreement to merge and consolidate, though a majority in amount of the stock of the company of which he was a shareholder, together with a majority in amount of the stock of the other two companies, voted for the adoption of the said agreement.

If there were any complaint that it is sought by the terms of the agreement to impose upon him stock of the new com-

pany intended to be formed, for the stock he holds in the Kennett Township Electric Company, an injunction might probably, for this reason, be granted. The Act of May 29, 1901, P. L. 349, in its fifth section makes provision for the payment of the value of the stock of a dissenting holder, but he does not ask an injunction for this reason, and so far as we know has not made application to the proper court for the appointment of appraisers, and it must be assumed that he is not dissatisfied with this feature of the agreement.

The cause is made to rest on the sole ground that it is unlawful for the three defendant companies to merge and consolidate in and with the proposed new company.

The act of 1901 is an act supplementary to the corporation act of 1874, and provides " for the merger and consolidation of certain corporations."

The act of 1874 authorizes the formation of certain corporations, the act of 1901 authorizes a merger and consolidation.

In its features relating to the method of procedure, the latter act is almost a rescript of the Act of March 24, 1865, P. L. 49, authorizing the consolidation of certain railroad companies.

It makes it lawful for a corporation organized under, or accepting the provisions of, the act of 1874, or any of its supplements, to buy and own the capital stock of any other corporation and to merge its corporate rights with and into those of any other corporation, and authorizes the transfer of the property and franchises of either (both) of such companies intending to merge and the investiture of such rights and privileges in the company into which such merger is sought to be made, and thereupon the rights, property, privileges and franchises theretofore vested in each of the existing companies shall become vested in the new corporation.

. The provisions of the first section of the act of 1901, which relates to the purchase and ownership of the capital stock by one from another which may intend to merge, is at variance with the subsequent sections providing for the meetings of the stockholders to vote upon the adoption or rejection of the agreement to merge, if by that is meant the acquisition and ownership of the capital stock by one or another or others before a consolidation can be completed. There would be no

stockholders of the selling company to vote for or against the adoption of the agreement to merge at the special meeting required to be called for that purpose.

It must be taken to signify that the stockholders of the existing companies may agree to accept capital stock of the company to be formed by the merger in payment of the stock held by them in the corporation intending to merge.

The certificate required by the act of 1874 requires no more, in this behalf, than that the number of shares subscribed by each person shall be designated, together with the number and par value of the shares into which the capital stock is to be divided. The subscriber to stock pays the unpaid part of his stock when the incorporated company issues and delivers it. So he may sell his stock in an existing company intending to merge with another into the merged company, and take stock in the consolidated corporation when the merger is consummated.

The capital stock of a corporation is owned by the shareholders, of course, and the corporation could not buy or sell the capital stock.

What may and must be done to effectuate a merger is the execution of a joint agreement by the directors of corporations intending to consolidate, which must contain the matters prescribed by the act, and must be submitted to the stockholders of each company at separate meetings to be called for the consideration of the agreement, and its adoption or rejection by ballot.

A vote by a majority in amount of the entire capital stock of the companies intending to merge, and the required certification, authorizes the agreement to be taken as the act of consolidation.

In this case the gas light company and the gas fuel and heating company and the electric company seek to merge and consolidate. The Act of May 8, 1889, P. L. 136, amends subdivision eleven of section 2, second class, of the act of 1874, and makes it read " the manufacturing and supply of gas, or the supply of light, heat and power by means of electricity, or the supply of light, heat or power to the public by any other means."

The Kennett Gas Light Company is authorized to manufac-

ture and supply gas for light only ; the Kennett Gas Fuel and Heating Company to manufacture and supply gas for all purposes for which gas may be used other than for light ; and the Kennett Township Electric Company to supply light, heat and power by means of electricity to the public.    Territorially they are the same.    There is thus a gas light company, a gas heating company, for fuel is used to produce heat, and an electric company.    The exercise of their separate functions and franchises comprises light, and heat by gas ; and light, heat and power by means of electricity, and the language of the amended clause covers the manufacture and supply of gas, or the supply of light, heat or power by means of electricity.    The defendant companies and their respective shareholders have manifested their intention in the way pointed out by law, to conjoin their several rights, privileges and franchises, which are alike in their general features, and authorized to be exercised by the same general law, in one body politic by a different name, but for the same purposes in the same territorial limits, and it does not appear that so doing violates any law or constitutional inhibition.

On the other hand, there is authority to enter into the proposed agreement of merger and consolidation, and for the formation of a new company thereby, having the powers, privileges and franchises of the corporations intended to be merged.

Having the right to merge and consolidate and having proceeded in the manner directed by law, it follows that the agreement of merger and consolidation, together with the certificate of the secretaries of the companies to the result of the balloting certifying the fact, may be filed in the office of the secretary of the commonwealth, and the matter concluded as provided by law without hindrance.

The relief prayed for in the bill by the complainant is refused and the bill dismissed at his costs..

*Error assigned* was the decree of the court dismissing the bill.

*John G. Gilbert*, for appellant.—Corporations have no power to consolidate, unless the power is expressly conferred by their charter, or by the charter of one of them, or by some other statute, and the consolidation must be effected in compliance

with the terms of the statute : Clark & Marshall on Private Corps., sec. 347 et seq.

Equity will enjoin a consolidation, unauthorized for want of the unanimous consent of the stockholders, at the instance of a single dissenting stockholder : Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42.

*John G. Johnson,* with him *C. H. Bergner* and *Charles E. Morgan,* for appellees.—The Act of May 29, 1901, P. L. 349, authorizes the merger and consolidation of a gas company with an electric light, heat and power company : Conshohocken Gas Light Co., 5 Pa. C. C. Rep. 585.

PER CURIAM, June 22, 1905 :

Decree affirmed on the opinion of the court below.